KAHUAKU *et at. vs.* UNION MILL CO. *et al.*

EJECTMENT. BEFORE McCULLY, J.

MAY, 1884.

Cousins of the whole and half-blood held to have title to land, in spite of their failure to assert it for a long time.

Defendants having acquired possession without notice of plaintiffs claim, nominal damages only are awarded.

DECISION OF McCULLY, J.

The land in question, situated at Kohala, Hawaii, is a grant to one Wahakuli (w.), deceased intestate. The plaintiffs claim eight-ninths undivided interest, and damages, as being the collateral heirs of the Crown grantee. The defendant Mill Company holds sixty acres by a deed from Kamaka (w.), who is shown to be a sister of Kahuaku and Ahukinialaa, two of the plaintiffs. The other defendant is Kaikuahine, husband of the said Kamaka who is now divorced, these two defendants holding in common without division.

The relationship by which plaintiffs claim is, on the part of the three plaintiffs who have been named, that they are the children of Nahua, who was a cousin of the grantee. Another plaintiff, Wahine (k.), claims as cousin of the grantee by the half-blood, and two others, Kaheana and Kaikiumi, claim as the children of Palua, another cousin of the half-blood. These are all inheriting relationships, the kindred of the half-blood inheriting equally with those of the whole-blood in the same degree, except in cases where the inheritance came to the intestate by descent, devise, or gift from some ancestor, when the descent is confined to the blood of such ancestor, which is not the case here. See Section 1454 of the Code.

The patentee, Wahakuli, died in July, 1865, leaving a husband, Kaikuahine Sr., a nephew of the husband, who is the Kaikuahine, defendant, and had lived with them as a "keiki."

He married Kamaka, and they appear to have remained in possession of the premises, without claim on the part of heirs of Wahakuli, Kamaka selling sixty acres, as above, and Kaikuahine and the Union Mill Co. now holding in common. The plaintiffs testify that the reason for their not asserting the claim of heirship is because the property had rested in possession of Kamaka, their sister and cousin, and her husband, Kaikuahine, who was also one of the family, and had been considered a "keikihanai," or adopted son of Wahakuli, and that Wahakuli had given them the land by "Kauoha," or oral bequest to these parties, a form of devise which still carries influence with Hawaiians, but that these considerations had now failed in consequence of the sale to outside parties, and the divorce of Kamaka, leaving the land in possession of strangers.

The testimony offered by the plaintiffs is of the quality and amount which is usually presented in the establishment of Hawaiian relationships. In the absence of controversy it would prove the claim. The evidence per contra does not, in my opinion, preponderate. It depends on establishing as fact that Wahakuli and her family belonged to the district of Hana, Maui, and emigrated to Kohala, and that she was not the daughter of one Kailaa. There are inconsistencies and improbabilities in the testimony for the defence which discredit it; moreover the defendants' best witness, in cross-examination, supports plaintiffs' case. It is easier to accept the theory that the emigration from Maui was the return from a visit of perhaps extended length, and that the family belonged to Kohala.

I think it may well be considered, too, that the defendant as to three-fourths of the land, the Mill Co. holds by the title which the plaintiffs support.

Its possession is recent and its only color of title is the deed from Kamaka, whose title is one with that of the plaintiffs in her proportion thereof. Kaikuahine shows no right. He has remained by suffrance since the death of the patentee and her husband.

I shall find for the plaintiffs.

As to damages. The defendants have had no notice before that given prior to bringing this suit that the plaintiffs had a claim on the land. They have not kept them out of it previously. The principal defendant bought of a party in possession, whose rights had never been called in question by the other heirs. She was an heir, and the plaintiffs allowed it to be considered by the world that she was the sole heir.

I give the slight or nominal sum of twenty-five dollars, for which, as well as the costs, the defendants are liable jointly and severally.

The plaintiffs are adjudged to be entitled as follows:

Wahine (k.) to one-third; Kaheana to one-sixth; Kaikiumi to one-sixth; Kahuaku to one-ninth; Ahukinialaa to one-ninth; leaving one-ninth interest in the defendant Union Mill Company, the grantee of Kamaka, who was entitled to so much.

Let judgment be entered accordingly.

*W. R. Castle,* for plaintiffs, *E. Preston,* also.

*Cecil Brown* and *J. L. Kaulukou,* for defendants.

Honolulu, May 1st, 1884.